IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GOLDEN RULE FASTENERS, INC.                                                    PLAINTIFF

V.                                                    CAUSE NO.: 3:17-CV-249-MPM-JMV

THE NEVERLEAK COMPANY, LP                                                    DEFENDANT

**THE NEVERLEAK COMPANY, LP'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS**

Defendant The Neverleak Company, LP ("Neverleak") hereby files its Answer,

Affirmative Defenses, and Counterclaims to the Complaint filed by Plaintiff Golden Rule

Fasteners, Inc. on December 12, 2017.

**NATURE OF THE ACTION**

1.      Neverleak admits that U.S. Patent Nos. 8,141,303 ('303 patent), 8,464,475 ('475

patent), and 8,534,002 ('002 patent) (collectively, "Asserted Patents") were issued by the

United States Patent and Trademark Office and that copies of the Asserted Patents were

attached to the Complaint as Exhibits A, B, and C, respectively.  Neverleak admits that Golden

Rule is alleging infringement of the Asserted Patents and alleges that it is seeking injunctive

relief and monetary damages.  Neverleak lacks sufficient knowledge or information to enable

it to either admit or deny the remaining allegations contained in Paragraph 1 of the

Complaint, and therefore denies them.

2.      Neverleak admits that Application No. 12/604,933 ('933 application) was filed

with the USPTO on October 23, 2009 and issued as U.S. Patent No. 8,141,303 on March 27,

2012.  Neverleak admits that Application No. 13/403,444 ('444 application) on its face

purports to be a continuation of the '933 application, and that the '444 application was filed

with the USPTO on February 23, 2012, and issued as the '002 patent on September 17, 2013.

Neverleak admits that Application No. 13/723,588 ('588 application) on its face purports to be

a continuation of the '444 application, and that the '588 application was filed with the USPTO

on December 21, 2012, and issued as the '475 patent on June 18, 2013.  Neverleak lacks

sufficient knowledge or information to enable it to either admit or deny the remaining

allegations contained in Paragraph 2 of the Complaint, and therefore denies them.

       3.      Neverleak admits that U.S. Copyright Registration No. VA 2-075-960 is entitled

"ZipSeal on Roof" and that Plaintiff attached Exhibits D and E to the Complaint purporting to

show such information.  Neverleak lacks sufficient knowledge or information to enable it to

either admit or deny the remaining allegations contained in Paragraph 3 of the Complaint, and

therefore denies them.

**PARTIES**

       4.      Neverleak lacks sufficient knowledge or information to enable it to either admit

or deny the allegations contained in Paragraph 4 of the Complaint, and therefore denies

them.

       5.      Neverleak admits that it formed under the laws of Mississippi with its principal

place of business at 8951 Yahweh Road, Olive Branch, MS 38654 which is in DeSoto County,

Mississippi.  Neverleak admits that it was served with a copy of the Complaint on January 18,

2018.  Neverleak denies that it is a corporation.  Neverleak lacks sufficient knowledge or

information to enable it to either admit or deny the remaining allegations contained in

Paragraph 5 of the Complaint, and therefore denies them.

6.     Neverleak admits that it ships, distributes, offers for sale, sells, and/or advertises products entitled, "Electrical Mast Connection for Shingle Roof" and "Master Flash Retrofit."  Neverleak admits that Exhibit F to the Complaint refers to "Electrical Mast Connection Master Flash®."  Neverleak admits that Exhibit G to the Complaint refers to "master flash" and "electrical mast connection."  Neverleak admits that Exhibit H to the Complaint refers to "Electrical Mast Connection for Shingle Roof."  Neverleak admits that Exhibit I to the Complaint refers to "Master Flash® Retrofit."  Neverleak denies the remaining allegations in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.     Neverleak admits that Plaintiff alleges infringement or alleges that it is entitled to relief under 35 U.S.C. §§ 271, 281, 283, 284, and 285.  Neverleak admits that this Court has subject matter jurisdiction under 28 U.S.C §§ 1331 and 1338(a).

8.     Neverleak admits that its principal place of business is located in the Northern District of Mississippi and that it conducts business within the State of Mississippi and within the Northern District of Mississippi.  Neverleak lacks sufficient knowledge or information to enable it to either admit or deny the remaining allegations contained in Paragraph 8 of the Complaint, and therefore denies them.

9.     Neverleak admits that it distributes, offers for sale, sells, and/or advertises products from its office located in the Northern District of Mississippi.  Neverleak admits that some of its customers are located in Mississippi.  Neverleak denies the remaining allegations in Paragraph 9 of the Complaint.

10.    Neverleak admits that venue is proper in the Northern District of Mississippi

under 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400(b).

11.     Neverleak admits that it is formed under the laws of Mississippi and "resides" in this district under 28 U.S.C. § 1400(b).  Neverleak admits that it is subject to the Court's personal jurisdiction.

## BACKGROUND INFORMATION

12.     Neverleak admits that the '303 patent issued on March 27, 2012, the '475 patent issued on June 18, 2013, and the '002 patent issued on September 17, 2013. Neverleak lacks sufficient knowledge or information to enable it to either admit or deny the remaining allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13.     Neverleak admits that it operates a website at www.neverleakcompany.com and that this website includes information regarding "Master Flash®", "Electrical Mast Connection for Shingle Roof," and "Retrofit Master Flash®."  Neverleak admits that Exhibit F to the Complaint refers to "Electrical Mast Connection Master Flash®."  Neverleak admits that Exhibit G to the Complaint refers to "master flash" and "electrical mast connection."  Neverleak admits that Exhibit H to the Complaint refers to "Electrical Mast Connection for Shingle Roof."  Neverleak admits that Exhibit I to the Complaint refers to "Master Flash® Retrofit."  Neverleak lacks sufficient knowledge or information to enable it to either admit or deny the remaining allegations contained in Paragraph 13 of the Complaint, and therefore denies them.

14.     Neverleak lacks sufficient knowledge or information to enable it to either admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore denies them.

15. Neverleak lacks sufficient knowledge or information to enable it to either admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore denies them.

16. Neverleak denies every allegation in Paragraph 16 of the Complaint.

17. Neverleak denies every allegation in Paragraph 17 of the Complaint.

18. Neverleak denies every allegation in Paragraph 18 of the Complaint.

19. Neverleak denies every allegation in Paragraph 19 of the Complaint.

20. Neverleak denies every allegation in Paragraph 20 of the Complaint.

21. Neverleak denies every allegation in Paragraph 21 of the Complaint.

22. Neverleak denies every allegation in Paragraph 22 of the Complaint.

**COUNT I**

23. Neverleak incorporates paragraphs 1-22 as if fully repeated and restated herein.

24. Neverleak admits that Plaintiff alleges infringement of the '303 patent. Neverleak denies the remaining allegations in Paragraph 24 of the Complaint.

25. Neverleak denies every allegation in Paragraph 25 of the Complaint.

26. Neverleak denies every allegation in Paragraph 26 of the Complaint.

27. Neverleak denies every allegation in Paragraph 27 of the Complaint.

28. Neverleak denies every allegation in Paragraph 28 of the Complaint.

**COUNT II**

29. Neverleak incorporates paragraphs 1-28 as if fully repeated and restated herein.

30. Neverleak admits that Plaintiff alleges infringement of the '475 patent. Neverleak denies the remaining allegations in Paragraph 30 of the Complaint.

31. Neverleak denies every allegation in Paragraph 31 of the Complaint.

32. Neverleak denies every allegation in Paragraph 32 of the Complaint.

33. Neverleak denies every allegation in Paragraph 33 of the Complaint.

34. Neverleak denies every allegation in Paragraph 34 of the Complaint.

## COUNT III

35. Neverleak incorporates paragraphs 1-34 as if fully repeated and restated herein.

36. Neverleak admits that Plaintiff alleges infringement of the '002 patent. Neverleak denies the remaining allegations in Paragraph 36 of the Complaint.

37. Neverleak denies every allegation in Paragraph 37 of the Complaint.

38. Neverleak denies every allegation in Paragraph 38 of the Complaint.

39. Neverleak denies every allegation in Paragraph 39 of the Complaint.

40. Neverleak denies every allegation in Paragraph 40 of the Complaint.

## COUNT IV

41. Neverleak incorporates paragraphs 1-40 as if fully repeated and restated herein.

42. Neverleak lacks sufficient knowledge or information to enable it to either admit or deny the allegations contained in Paragraph 42 of the Complaint, and therefore denies them.

43. Neverleak lacks sufficient knowledge or information to enable it to either admit

or deny the allegations contained in Paragraph 43 of the Complaint, and therefore denies them.

44.     Neverleak denies every allegation in Paragraph 44 of the Complaint.

45.     Neverleak denies every allegation in Paragraph 45 of the Complaint.

46.     Neverleak denies every allegation in Paragraph 46 of the Complaint.

47.     Neverleak lacks sufficient knowledge or information to enable it to either admit or deny the allegations contained in Paragraph 47 of the Complaint, and therefore denies them.

48.     Neverleak denies every allegation in Paragraph 48 of the Complaint.

49.     Neverleak denies every allegation in Paragraph 49 of the Complaint.

## JURY DEMAND

50.     Neverleak admits that Golden Rule is demanding a trial by jury on all issues.

## PRAYER FOR RELIEF

51.     Neverleak admits that Golden Rule seeks relief.

A.     Neverleak denies that Golden Rule is entitled to the relief it seeks in this prayer.

B.     Neverleak denies that Golden Rule is entitled to the relief it seeks in this prayer.

C.     Neverleak denies that Golden Rule is entitled to the relief it seeks in this prayer.

D.     Neverleak denies that Golden Rule is entitled to the relief it seeks in this prayer.

E.    Neverleak denies that Golden Rule is entitled to the relief it seeks in this prayer.

F.    Neverleak denies that Golden Rule is entitled to the relief it seeks in this prayer.

G.    Neverleak denies that Golden Rule is entitled to the relief it seeks in this prayer.

H.    Neverleak denies that Golden Rule is entitled to the relief it seeks in this prayer.

**AFFIRMATIVE DEFENSES**

In further answer to the Complaint, and without admitting any of the allegations in the Complaint, Neverleak asserts the following affirmative defenses, without assuming the burden of proof for any defense.  Neverleak further reserves its right to assert additional defenses based on further discovery and its ongoing investigation and if and when additional defenses become appropriate.

**FIRST AFFIRMATIVE DEFENSE**

1.    The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.    Neverleak has not infringed and does not infringe, either directly or indirectly, any valid claim of U.S. Patent Nos. 8,141,303 ('303 patent), 8,464,475 ('475 patent), and 8,534,002 ('002 patent) (collectively, "Asserted Patents") either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

3.      The asserted claims of the Asserted Patents are invalid for failure to comply

with one or more of the statutory requirements for patentability set forth in Title 35, United

States Code, including, but not limited to 35 U.S.C. §§ 102, 103 and/or 112.  To the extent

Plaintiff should later seek to assert additional claims of the Asserted Patents, Neverleak

reserves the right to assert that any such additional asserted claims are also invalid.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims are barred in whole or in part by the doctrines of prosecution

history estoppel and/or prosecution disclaimer, because of admissions, amendments,

arguments, and statements made to the United States Patent and Trademark Office during

prosecution of the applications leading to, or related to, the issuance of the Asserted Patents.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims are barred by the doctrines of acquiescence, estoppel, laches,

waiver, unclean hands, and/or other equitable defenses.

6.      Plaintiff has alleged that it is the owner of a photograph, which shows a retrofit

pipe flashing apparatus, that it registered for a copyright.  *See* Complaint ¶¶ 14-15, 41-42 and

Exs. D and E.  The face of the copyright registration attached to the Complaint shows a date of

first publication as May 1, 2009, with the author and copyright claimant being only David

McDow.  In contrast, the Asserted Patents show that the inventors were William Archie

McDow, Jr. and David Campbell McDow and that the earliest filing date of the Asserted

Patents was October 23, 2009 (i.e. priority date).  Thus, on information and belief, Plaintiff

knew or should have known of inventions existing and being publically used by others before

the priority date. Yet, the Plaintiff and its inventors swore to the Patent Office that its invention was novel and that they had disclosed all material information.

7. On information and belief, Plaintiff knew or should have known of the activities that they accuse of infringing the Asserted Patents substantially prior to filing of the Complaint, including because at least some of the accused products (*e.g.*, Aztec Master Flash and Master Flash® Retrofit) have been in commercial use for many years. Yet, Plaintiff delayed bringing the suit for an unreasonable and unexcused length of time. Neverleak would be materially prejudiced if Plaintiff is allowed to recover damages for past acts despite Plaintiff's unreasonable and unexcused delay.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>

8. Upon information and belief, Plaintiff has dedicated to the public all apparatuses disclosed in the specifications of the Asserted Patents that are not included in the claims despite the disclosures of the Asserted Patents identifying such apparatuses as alternatives to the claimed inventions.

<u>**SEVENTH AFFIRMATIVE DEFENSE**</u>

9. Plaintiff's requested relief is barred or otherwise limited based on exhaustion and or express or implied license.

<u>**EIGHTH AFFIRMATIVE DEFENSE**</u>

10. To the extent that Plaintiff is not the sole and total owner of each of the Asserted Patents, it lacks standing to bring one or more claims in this lawsuit.

<u>**NINTH AFFIRMATIVE DEFENSE**</u>

11. Plaintiff's claims for relief and prayer for damages are barred, in whole or in

part, by 35 U.S.C. §§ 286 and/or 287.  Plaintiff's prayer for costs is barred, in whole or part, by its failure to disclaim any invalid claims under 35 U.S.C. § 288.

**TENTH AFFIRMATIVE DEFENSE**

12.     Plaintiff is not entitled to any injunctive relief because any injury to it is not immediate or irreparable, and there is adequate remedy (if a remedy is required) at law.

**COUNTERCLAIMS**

For its counterclaims against Plaintiff Golden Rule Fasteners, Inc. ("Plaintiff" or "Golden Rule"), The Neverleak Company, LP ("Neverleak") states as follows:

**THE PARTIES**

1.     Neverleak is a limited partnership formed under the laws of the State of Mississippi, having its principal place of business at 8951 Yahweh Road, Olive Branch, Mississippi 38654.

2.     Based on the allegations in paragraph 4 of the Complaint and on information and belief, Plaintiff Golden Rule is an Alabama company having its principal place of business at 5290 Alabama Highway, 229 South, Tallassee, Alabama 36078.

**JURISDICTION AND VENUE**

3.     This action arises under, *inter alia*, the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  An actual controversy exists between Plaintiff and Neverleak regarding U.S. Patent Nos. 8,141,303 ('303 patent), 8,464,475 ('475 patent), and 8,534,002 ('002 patent) (collectively, "Asserted Patents").

4.     This Court has jurisdiction over the subject matter of these counterclaims

- 11 -

under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5.     This Court has personal jurisdiction over Plaintiff because it has availed itself of the rights and privileges of this forum by suing Neverleak in this District in this case.

6.     Hence, venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

**FIRST COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement)**

7.     Neverleak re-alleges and incorporates by reference the allegations made in the Affirmative Defenses above and in Paragraphs 1-6 of its Counterclaims as if fully set forth herein.

8.     In its Complaint, Plaintiff alleges that Neverleak infringes the Asserted Patents. Neverleak denies that it has infringed, either directly or indirectly, any valid claim of the Asserted Patents, either literally or under the doctrine of equivalents.

9.     An actual and justiciable controversy requiring declaratory relief exists between Neverleak and Plaintiff over the alleged infringement of the Asserted Patents.

10.     Accordingly, Neverleak is entitled to a declaratory judgment that it has not infringed and does not infringe the Asserted Patents.

**SECOND COUNTERCLAIM**

**(Declaratory Judgment of Invalidity of the '303 Patent)**

11.     Neverleak restates, realleges and incorporates by reference the allegations made in the Affirmative Defenses above and in Paragraphs 1-11 of this Counterclaim as if fully set forth herein.

12.     The asserted claims of the '303 patent are invalid because they fail to comply

with one or more requirements of United States Code Title 35, including without limitation, one or more requirements of 35 U.S.C. §§ 102, 103 and/or 112.

13.     An actual and justiciable controversy requiring declaratory relief exists between Neverleak and Plaintiff over the alleged invalidity of the asserted claims of the '303 patent.

14.     Accordingly, Neverleak is entitled to a declaratory judgment that the asserted claims of the '303 patent are invalid.

### THIRD COUNTERCLAIM

#### (Declaratory Judgment of Invalidity of the '475 Patent)

15.     Neverleak restates, realleges and incorporates by reference the allegations made in the Affirmative Defenses above and in Paragraphs 1-15 of this Counterclaim as if fully set forth herein.

16.     The asserted claims of the '475 patent are invalid because they fail to comply with one or more requirements of United States Code Title 35, including without limitation, one or more requirements of 35 U.S.C. §§ 102, 103 and/or 112.

17.     An actual and justiciable controversy requiring declaratory relief exists between Neverleak and Plaintiff over the alleged invalidity of the asserted claims of the '475 patent.

18.     Accordingly, Neverleak is entitled to a declaratory judgment that the asserted claims of the '475 patent are invalid.

### THIRD COUNTERCLAIM

#### (Declaratory Judgment of Invalidity of the '002 Patent)

19.     Neverleak restates, realleges and incorporates by reference the allegations made in the Affirmative Defenses above and in Paragraphs 1-18 of this Counterclaim as if fully

set forth herein.

20.     The asserted claims of the '002 patent are invalid because they fail to comply with one or more requirements of United States Code Title 35, including without limitation, one or more requirements of 35 U.S.C. §§ 102, 103 and/or 112.

21.     An actual and justiciable controversy requiring declaratory relief exists between Neverleak and Plaintiff over the alleged invalidity of the asserted claims of the '002 patent.

22.     Accordingly, Neverleak is entitled to a declaratory judgment that the asserted claims of the '002 patent are invalid.

## PRAYER FOR RELIEF

23.     WHEREFORE, Neverleak respectfully requests that this Court enter a judgment and decree in its favor and against Plaintiff:

24.     Dismissing the Complaint herein in its entirety with prejudice;

25.     Declaring that each of the claims of the Asserted Patents is invalid;

26.     Declaring that Neverleak has not infringed, directly or indirectly, any valid and/or enforceable claim of the Asserted Patents;

27.     Declaring that Plaintiff's claims are barred, in whole or in part, due to acquiescence, estoppel, waiver, unclean hands, and/or failure to disclaim invalid claim(s);

28.     Permanently enjoining Plaintiff, its officers, agents, directors, representatives, employees, subsidiaries, and assigns, and all those acting under the authority of or in privity with them or with any of them, from asserting or otherwise seeking to enforce the Asserted Patents against Neverleak;

29.     Declaring that this case is an exceptional case under 35 U.S.C. § 285 and

awarding Neverleak its attorneys' fees, costs, and expenses in defending this action; and

30.     Awarding Neverleak such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

31.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Neverleak hereby demands a trial by jury on all triable issues.

THIS, the 12th day of March, 2018.

Respectfully submitted,

**THE NEVERLEAK COMPANY, LP**


_s/ Kate M. Embry_____
J. CAL MAYO, JR. (MB No. 8492)
KATE M. EMBRY (MB No. 102731)
*Its Attorneys*


OF COUNSEL:

MAYO MALLETTE PLLC
2094 Old Taylor Road
5 University Office Park
Post Office Box 1456
Oxford, Mississippi 38655
Telephone: (662) 236-0055
Facsimile: (662) 236-0035
cmayo@mayomallette.com
kembry@mayomallette.com

**CERTIFICATE OF SERVICE**

I, Kate M. Embry, one of the attorneys for Defendant The Neverleak Company, LP, do certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all attorneys of record.

THIS, the 12th day of March, 2018.

s/ Kate M. Embry

KATE M. EMBRY