**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**CHARLENE GRAY**                                                                              **PLAINTIFF**

**VS.**                                                     **CIVIL ACTION NO. 4:18-CV-117-DMB-JMV**

**WAL-MART STORES EAST, LP, and
DOES ONE THROUGH FIVE**                                                   **DEFENDANTS**

## STIPULATED PROTECTIVE ORDER

This Stipulation of Confidentiality and Protective Order is submitted to the Court by Wal-Mart Stores East, LP ("Defendant") and Charlene Gray ("Plaintiff"), by and through their respective counsel, based on the following facts:

The parties agree that the discovery phase of the above-captioned action may include the disclosure of material that may be protected under the constitutional, statutory, or common law rights to privacy. Without waiver of objections to the discoverability of any documents, the parties intend to provide a mechanism by which discovery of relevant information, otherwise not objectionable, may be obtained in a manner that protects all parties; including non-parties, and third parties to this litigation; from the risk of the disclosure of such confidential information. Documents and information to be designated as "confidential" and produced pursuant to this protective order fall within the category of material described above.

WHEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Defendant and Plaintiff, by and through their respective counsel, that:

1. Nothing herein shall be deemed either a waiver of any viable objections by Defendant or Plaintiff to the production of any documents or the right to refuse to produce such documents based thereon, or admission to the relevancy of the documents requested.

2. This Protective Order governs the handling of documents, information, and things

(collectively "Information") to the extent that such Information is provided in response to discovery requests (including documents that are produced by the parties or third persons; deposition testimony and exhibits and/or portions thereof; responses to interrogatories and requests for admissions; and any summaries or descriptions of such documents and information) and is identified by any party, in good faith, as being covered by this Order.

3. All documents or other information obtained through or in connection with the course of discovery in this action, including but not limited to, designated deposition testimony and exhibits, interrogatory responses, responses to requests for admissions, responses to demands for inspection, documents produced by the parties to this action or by any third party, and any information obtained therefrom, shall be subject to this Protective Order upon any party's unilateral and good faith designation of such testimony, written discovery responses, documents, or other information as "Confidential."

4. The parties stipulate that any party to this Protective Order may unilaterally and in good faith designate portions of a deposition transcript as "Confidential," provided such designation is made on the record during the deposition. Further, any party to this protective order may unilaterally and in good faith designate written discovery responses, documents, or other information as "Confidential," provided such designation is stamped on the documents and/or made in writing concurrently with the provision of such documents, provided further that with respect to any discovery responses or documents produced before the execution of this stipulation, any party who has provided such responses or produced such documents may designate any such discovery responses or documents as confidential hereunder within ten (10)

days of notice of the execution of this stipulation by notifying each party in writing of those discovery responses and documents to be designated as confidential hereunder.

5. This protective order shall not foreclose any party from moving this Court for an order finding that the discovery materials bearing the identification specified as CONFIDENTIAL hereof are not subject to the provisions of this order. The protective order shall not shift the burden of proof of this motion from the party asserting that the material is confidential. In the event that one party disputes, in writing, a confidentiality designation by the other party, the party which designated the material "CONFIDENTIAL" shall have the burden of timely moving this Court for an order finding that the material is CONFIDENTIAL. Pending the resolution of such a motion, the material shall continue to be treated as CONFIDENTIAL.

6. The Information covered by this Order, and any information contained therein, shall be utilized by the parties solely in their preparation for and the trial of this action, and for no other purpose.

7. Except as provided herein, with the express written permission of counsel, or upon order of the Court, counsel shall not deliver, exhibit or disclose any Information covered by this Order to any person(s), organization(s) or group(s), except those permitted by Paragraph 8 below, and shall not discuss any such Information, with any person(s), organization(s) or group(s), except those permitted by Paragraph 8 below. In the event that documents covered herein are to be disclosed to persons other than counsel and the persons delineated in Paragraphs 8 or 9 below, such persons shall agree to be bound by this stipulation, by certifying that he or she has carefully read the Protective Order and fully understands its terms and will be bound by its terms. Counsel making disclosure to any such person shall retain the original executed copy of

the declaration. Upon notice of any party of the filing of a motion regarding the disclosure of the designated confidential information, counsel shall exchange signed disclosure statements pertaining to such documents.

8. Testimony, written discovery responses, documents, or other information designated "Confidential" herein may be used solely in preparation for, and use at, the trial of this matter, arbitration or mediation, and will be held in strict confidence and shall be disclosed only to the attorneys of record herein, in-house attorneys, their respective legal assistants and staff, and any agents, consultants, experts retained for the purposes of this litigation, and the parties to this action (including, in the case of corporations, officers, directors or employees or their subsidiaries and affiliates).

9. The use of any Information designated confidential pursuant to this protective order in support of any motion, pleading, and/or other paper filed with the Court shall be filed under seal in compliance with and pursuant to L.U.Civ.R. 79. If a party's request to file under seal is denied, then the party may file the information in the public record unless otherwise instructed by the Court.

10. Except by written consent of the producing party, each person (other than the attorneys of record herein, in-house attorneys, their respective legal assistants and staff, and court personnel) to whom documents or other information designated as "Confidential" may be disclosed under this Order, prior to the time he or she receives such information in any form whatsoever, shall be provided with a copy of this Protective Order and shall certify that he or she has carefully read the Protective order and fully understands its terms and will be bound by its terms. A copy of the declaration to be executed by each such person is attached hereto as Exhibit

A. Counsel making disclosure to any such person shall retain the original executed copy of the declaration and will make disclosure of such executed declarations to all counsel under the terms outlined in Paragraph 7 above.

      11.     This Stipulation and protective Order shall not be deemed a waiver of:

      a.     Any party's right to seek an order compelling discovery with respect to any discovery request;

      b.     Any party's right to object to any discovery or the production of any information or documents;

      c.     Any party's right to object to the admission of any evidence on any grounds in any proceeding herein; and

      d.     Any party's right to use her/his or its own documents with complete discretion.

      12.     Upon final termination of this litigation, including all appeals, the receiving party shall use commercially reasonable efforts to destroy any confidential documents received, including all testimony, written discovery responses, documents, and other information received under the provisions of this Order (including any copies or excerpts thereof).

      13.     This Stipulation and Protective Order may be modified by further Order of the Court, or by agreement of counsel for the parties subject to the approval of the Court, provided that any such agreement shall be in the form of a written stipulation that is filed with the Clerk of the Court and made a part of the record in this case.

STIPULATED AND AGREED TO:

Dated: 01/04/2019.
        CHARLENE GRAY

      By*:* *s/ Michael Crawley Steele*
        Michael Crawley Steele (MSB #100163)
        Michael Crawley Steele, PLLC
        P. O. Box 1695
        Kosciusko, MS 39090
        *Attorney for Plaintiff*

Dated: 01/07/2019.

        WAL-MART STORES EAST, LP

      By: *s/ Dorissa S. Smith*
        Thomas M. Louis (MSB #8484)
        Dorissa S. Smith (MSB #104541)
        Wells, Marble & Hurst, PLLC
        Post Office Box 131
        Jackson, MS 39205-0131
        tlouis@wellsmarble.com
        dsmith@wellsmarble.com
        Attorneys for Defendant, Wal-Mart Stores East, LP

IT IS SO ORDERED.

Dated: January 10, 2019.    By: /s/ Jane M. Virden
             US Magistrate Judge

EXHIBIT A

UNDERSTANDING AND AGREEMENT PURSUANT TO PROTECTIVE ORDER

I hereby state that I have read a copy of the Protective Order in *Charlene Gray v. Wal-Mart Stores East, LP*, et. al., Civil Action No. 4:18-cv-117-DMB-JMV, pending in the United States District Court for the Northern District of Mississippi, Greenville Division.

I understand its terms and I agree to be bound by its terms.


Dated: _____          _____
                                                    Signature


_____
Printed Name


_____
Address